[Cite as *State v. Allison*, 2021-Ohio-3024.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20 CAA 10 0044 |
| | : | |
| LINWOOD E. ALLISON, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 19CR-I-05-0366

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      September 1, 2021

APPEARANCES:

For Plaintiff-Appellee:

MELISSA A. SCHIFFEL
Delaware County Prosecutor

HAWKEN FLANAGAN
Assistant Prosecuting Attorney
145 N. Union St., 3rd Floor
Delaware, OH 43015

For Defendant-Appellant:

EMMA M. MIRLES-JONES
Mirles-Jones Law Office
175 S. Sandusky St. #375
Delaware, OH 43015

*Delaney, J.*

{¶1} Defendant-Appellant Linwood E. Allison, Jr. appeals the September 22, 2020 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

**Conviction for Theft, a Fifth-Degree Felony**

{¶2} On May 31, 2019, the Delaware County Grand Jury indicted Defendant-Appellant Linwood E. Allison, Jr. on one count of Theft, a fifth-degree felony in violation of R.C. 2913.02(A)(1). He originally entered a plea of not guilty to the charge, but on August 4, 2020, Allison changed his plea to guilty. At the change of plea hearing, Allison stated that on November 7, 2018, he walked into Wireless Vision, a T-Mobile retail location, and took a new iPhone without permission. The trial court accepted his plea, ordered a presentence investigation, and scheduled a sentencing hearing for September 21, 2020.

**Sentencing Hearing**

{¶3} At the commencement of the sentencing hearing held on September 21, 2020, the State informed the trial court that pursuant to the plea agreement, the parties stipulated to restitution as determined in the presentence investigation report to be $1,200. The State also agreed to not make any specific recommendations and deferred to the trial court for sentencing.

{¶4} Allison requested the trial court impose community control. He acknowledged his long criminal history but indicated most of his crimes were nonviolent. He informed the trial court that he was heading into a better place in his personal life because two months prior to the sentencing hearing, he started a mental health treatment

program. The Community for New Direction diagnosed Allison with PTSD and depression and prescribed medication. The program assisted Allison getting his Social Security card and enrolling in barber school. He had family support as well, including his fiancé and their infant, and Allison's sister.

{¶5} The trial court reviewed Allison's criminal history as stated in the presentence investigation report. Allison had juvenile delinquency adjudications, including disorderly conduct, trespassing, and receiving stolen property. The trial court next reviewed his adult criminal record:

I see convictions for felonious assault with a prison term imposed, that involved firing several shots and hitting the victim in some internal organs.

I see carrying concealed weapons; possessing marijuana; disorderly conduct; domestic violence; theft; a felony theft with a prison term imposed; falsification; possession of drug paraphernalia; theft; aggravated theft involving stealing cell phones; theft with a prison term imposed involving stealing some electronic devices; theft involving taking an Apple MacBook from an Apple store; possession of marijuana; theft; larceny with a warrant issued for taking a watch from a display case; theft; aggravated menacing; aggravated menacing; obstructing official business; and then unresolved charges for theft in Franklin County, and for domestic violence and menacing in Franklin County. Plus these reported convictions for larceny in Michigan and for theft in Tennessee; some of these offenses committed when Mr. Allison was out on bail in this case. I see on the traffic record

seven convictions for driving under suspension. I see some unsuccessful

terminations from past community control periods.

(T. 19-20).

{¶6} The trial court considered the recidivism and seriousness factors. "Factors that suggest recidivism is more likely to include the fact that Mr. Allison was under felony court supervision when this offense was committed, and there's a history of juvenile delinquency and adult criminal activity, and there's been some failure in the past to respond favorably to earlier sanctions." (T. 20-21). Allison's act of theft was more serious because it caused serious economic harm, but it was also less serious because there was no physical harm to another person. (T. 21). The computerized risk assessment tool put Allison in the high-risk category for likelihood of reoffending. (T. 21).

{¶7} The trial court then sentenced Allison to a prison term of ten months with 19 days of jail time credit. The trial court found Allison was prison eligible because he served prior prison terms before committing the theft offense. (T. 21). The trial court authorized Allison for a risk reduction sentence pursuant to R.C. 5120.036.

{¶8} The trial court memorialized its judgment via a Sentencing Entry filed on September 22, 2020.

{¶9}  It is from this judgment that Allison now appeals.

## ASSIGNMENT OF ERROR

{¶10} Allison raises one Assignment of Error:

{¶11} "THE COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO A TERM OF 10 MONTHS IN PRISON WHICH IS A LONGER THAN

NECESSARY SENTENCE UNDER R.C. 2953.08 WHERE A TERM OF COMMUNITY CONTROL WAS AN OPTION FOR A NON-VIOLENT CRIME."

## ANALYSIS

{¶12} Allison seeks appellate review of his sentence to ten months in prison pursuant to R.C. 2953.08(G)(2). He argues the trial court erred when it sentenced him to prison rather than community control, when the State did not oppose community control and he showed his was actively addressing the issues that contributed to his propensity to criminal behavior.

{¶13} The theft offense in this case was a felony of the fifth degree and not an offense of violence. The trial court, however, was not required to sentence Allison to a term of community control pursuant to R.C. 2929.13(B)(1) because Allison had previously served a prison term. R.C. 2929.13(B)(1)(b)(ix).

{¶14} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶16} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶17} Here, Allison does not argue that his sentence is contrary to law, and we find that his sentence is within the statutory range for a fifth-degree felony. R.C. 2929.14(A)(5). This Court is therefore without authority to disturb Allison's sentence

absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12.

{¶18} In the instant case, the trial court was not required to sentence Allison to community control and the trial court was within its discretion to impose a prison term. The trial court heard arguments from Allison's counsel and considered the presentence investigation report. A review of the record shows the clear and convincing evidence supports the trial court's findings under R.C. 2929.11 and 2929.12.

{¶19} Allison's sole Assignment of Error is overruled.

## CONCLUSION

{¶20} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.